**ESTATE OF Hon Hing FUNG, Deceased Petitioner,**

**Bernard FUNG, Executor, Petitioner— Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 02–70492.

Tax Ct. No. 2173–00.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2003.*

Decided March 6, 2003.

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

The estate of Hong Hing Fung claims that it is entitled to a marital deduction for the value of decedent's property located within the United States. The estate also claims that it was entitled to offset the value of the Monte Vista property with the amount of the debt encumbering that property when calculating the gross estate. The Commissioner determined that the estate was not entitled either to the marital deduction or to the loan offset. The Tax Court affirmed the Commissioner's findings, and ordered the estate to pay $ 144,980 in taxes. We affirm the decision of the Tax Court.

The tax code allows a "marital deduction" for "any interest in property which passes or has passed from the decedent to his surviving spouse...." I.R.C. § 2056(a). An interest "will be regarded has having 'passed from the decedent to his surviving spouse' only if the assignment or surrender was a bona fide recognition of enforceable rights of the surviving spouse in the decedent's estate." 26 C.F.R. § 20.2056(c)–2 (d)(2). "If the assignment or surrender was pursuant to a decree rendered by consent, or pursuant to an agreement not to contest the will or not to probate the will, it will not necessarily be accepted as a bona fide evaluation of the rights of the spouse." *Id.*

■ Under the terms of the will, decedent's wife was entitled to 3/8ths of the decedent's property. The estate claims that, in recognition of these rights, decedent's wife claimed the property located within the United States and surrendered her interest in the remainder of the residual estate. The estate, however, has failed to offer evidence to demonstrate the value of the residual estate and therefore has failed to carry its burden of establishing that it was entitled to the deduction. *See Merkel v. Commissioner of Internal Revenue*, 192 F.3d 844, 852 (9th Cir.1999) ("Determinations made by the Commissioner in a notice of deficiency normally are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.")

■ The estate has also failed to demonstrate that it was entitled to include less than the full value of the Monte Vista property in decedent's gross estate. The estate asserts that it was entitled to subtract the amount of the loan secured by the Monte Vista property from the property's value when calculating the gross estate. This argument fails, however, because decedent was personally liable for the debt under the terms of the loan. *See* 26 C.F.R. § 20.2053–7 (providing full value of property must be included in gross estate if decedent was personally liable for loan).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.